SCURRY, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.

Ohio Appeals, Seventh District, Jefferson County.

No. 1022.    Decided 1949.

Thomas F. Joseph, Martins Ferry, William J. Weinman, Steubenville, for plaintiff-appellee.

Hugh S. Jenkins, Atty. Genl., R. Brooke Alloway, Asst. Atty. Genl., Joe F. Asher, Asst. Atty Genl., Columbus, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Plaintiff is the widow of decedent, John D. Scurry, who at the time of death on November 1, 1945, was an employee of a corporation amenable to the Workmen's Compensation Laws of Ohio, and a contributor to the fund created thereby.

After decedent's death plaintiff duly filed her application for compensation with defendant, Industrial Commission of Ohio, in which she stated that at the time of decedent's death she was living with him as his wife and was wholly dependent upon him for support.

That application was disallowed on the ground that the injury resulting in his death was not sustained in the course of nor arising out of his employment. The subsequent necessary procedural steps were taken and from a final disallowance of her claim upon rehearing her appeal was perfected to the court of common pleas; and it is from the judgment entered upon the finding for plaintiff of a judge of that court, to whom the case we review was submitted by agreement of counsel, that defendant appeals to this court on questions of law.

The facts are simple, and those necessary to understand the question presented are summarized in the following quoted portion of a hypothetical question propounded by plaintiff's counsel to one of her medical witnesses who had treated decedent for influenza about three years prior thereto, and who testified in her case in the court of common pleas that her husband died from a fracture of the skull, but on cross-examination said he did not know "what he died from":—

"Doctor, I wish you would assume that John D. Scurry, was fifty years of age on the first day of November, 1945, and at that time, was employed at washing windows. In doing this work, he stood about five feet from a certain wall, and while engaged in washing the windows he was seen to be falling backward, with his hands over his head. He fell prone, in other words, it has been described that he fell 'like a board'; that as he fell, he struck his head on a tile wall about 24 inches above the floor, striking the upper and middle part of his head in the back; that his head then struck the floor there where he was working, and after his head had struck the wall and the floor, it lay up against the wall. After this happened, he was raised up, at which time he was seen to be

breathing heavily, and he sat in this position for a minute or so, and then lay back down. At that time his body was covered, a doctor was called, arriving later, and his body was covered, and his face was covered with his hat. After he fell, there was blood to be observed on the floor about the size of a half dollar. * * *."

Another of plaintiff's medical witnesses testified that plaintiff's decedent died as the result of a "cerebral injury, injury to the brain".

Defendant's medical evidence is that the "apparent cause of (decedent's) death assumed to be coronary occlusion in the absence of other findings, some type of heart attack or sudden heart damage, or from a massive lesion inside the skull, probably most likely a large cerebral hemorrhage" not caused by a fall; that "something violent and serious happened to him (decedent) to cause the fall itself and it in all probability was the sole cause of death".

Such is the evidence, which in our opinion supports the judgment of the trial court, upon which we are asked to determine whether or not decedent's death was the result of an injury sustained in the course of and arising out of his employment.

In the case of **Stanfield, Appellant, v. Industrial Commission, Appellee, 146 Oh St, 583,** upon which defendant relies heavily to secure a reversal of the judgment of the trial court, the supreme court said "the fall resulted from the seizure alone and not from any circumstances of his employment."

In our opinion that case is distinguished from the case we review by the fact that in the case we review the evidence is in conflict as to whether the fall resulted from a seizure or whether decedent's injury was caused by a fall in no way associated with the seizure presenting a question for the determination of the trial judge sitting as a jury, with whose finding and judgment we will not interfere.

We can not say as a matter of law from the evidence submitted to us whether plaintiff's decedent died from the causes assigned by her medical witnesses or from the causes assigned by defendant's medical witnesses.

We are not only bound but are deeply impressed by the reasoning of the supreme court in the case of **Industrial Commission of Ohio v. Nelson, 127 Oh St, 41,** in which the court exhaustively reviews a large number of cases, and to

which counsel for the respective parties are respectfully referred.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.